# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:19-cr-152 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| CY'RAN JONATHON CAMPBELL (1), | : | |
| ANKEESE RANDOLPH BROWN (2), | : | |
| DEWAN LAMAR LOVE, JR. (3), | : | |
| TEVON AMAEE RUE'L BUTLER (4), | : | |
| Defendants. | : | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreements, the Court HEREBY FINDS THAT:

On October 8, 2019, a grand jury in the Southern District of Ohio returned an Indictment, charging the defendants in Count 1 with conspiracy to unlawfully obstruct, delay and affect commerce (the Hobbs Act), in violation of 18 U.S.C. §§ 1951(a) and 2.

Each of the defendants have entered into a Plea Agreement with the United States in which they agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of any firearms and ammunition involved in or used to commit the violation of 18 U.S.C. § 1951(a)(1) as alleged in Count 1 of the Indictment, including but not limited to, the following property (the "subject property"):

- Jennings Model J-22 pistol, cal. 22, serial number 207139, with all attachments;
- Raven Arms Model P-25 pistol, cal. 25, serial number 248058, with all attachments;

and

- 2 boxes of ammunition – one box consisting of 43 rounds assorted caliber ammunition and one box consisting of 39 rounds assorted caliber ammunition.

On or about December 23, 2019, defendant Dewan Lamar Love, Jr. entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. 2461(c), as property involved in the offense. Dewan Lamar Love, Jr. entered a plea of guilty to Count 1 of the Indictment on December 23, 2019.

On or about January 3, 2020, defendant Ankeese Randolph Brown entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as property involved in the offense. Ankeese Randolph Brown entered a plea of guilty to Count 1 of the Indictment on January 3, 2020.

On January 27, 2020, defendant Cy'Ran Jonathan Campbell entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as property involved in the offense. Cy'Ran Jonathan Campbell entered a plea of guilty to Count 1 of the Indictment on January 27, 2020.

On January 28, 2020, defendant Tevon Amaee Ruel Butler entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as property involved in the offense. Tevon Amaee Ruel Butler entered a plea of guilty to Count 1 of the Indictment on January 28, 2020.

The subject property is forfeitable, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as property involved in the offense to which the defendants have pled guilty. The defendants had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the offense to which the defendants have pled guilty.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the defendants or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice

may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendants, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with the Plea Agreements, this Preliminary Order of Forfeiture is final as to each defendant and shall become final as to each defendant at sentencing and shall be made part of the sentence and included in the Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

SO ORDERED:

Dated: March 31, 2020                                s/Thomas M. Rose

                                                                    THOMAS M. ROSE
                                                                    UNITED STATES DISTRICT JUDGE